UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANOR CARE-BELDEN VILLAGE OF CANTON, OH, LLC, | ) ) ) | CASE NO. 5:15CV00310 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| NICK H. JOHNSON, P.C., | ) ) ) | **ORDER AND DECISION** |
| Defendant. | ) ) ) | |

Pending before this Court is Plaintiff's Motion for Remand to State Court. Doc. 3. For the following reasons, the motion is GRANTED.

### I.  FACTS AND PROCEDURAL HISTORY

On February 6, 2015, Plaintiff filed its Complaint and Motion for Temporary Restraining Order ("TRO") in the Court of Common Pleas in Stark County, Ohio. Doc. 1-4. In its Complaint, the Plaintiff alleged claims for violation of Ohio's Deceptive Trade Practices Act and defamation through libel, libel *per se,* and false light invasion of privacy. Doc. 3. Plaintiff alleges harm to its reputation and good will in the community arising from certain language in Defendant's advertisement to attract new clients. The Complaint seeks only injunctive relief, along with attorney fees and costs. Doc. 3.

On February 18, 2015, Defendant filed its Notice of Removal to federal court based on diversity jurisdiction. Doc. 1. Plaintiff then filed the underlying motion to remand, arguing that Defendant has failed to sustain its burden of proof that the amount in controversy exceeds $75,000. For the foregoing reasons, Plaintiff's argument is well-taken.

## II. LEGAL ANALYSIS

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a); *Rogers v. Wal-Mart Stores, Inc*. 230 F.3d 868, 871 (6th Cir. 2000). Upon removal, a defendant bears the burden of proving diversity jurisdiction. *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

> Where the plaintiff is not required to state a specific amount of damages in the complaint, as in Ohio, the defendant must prove that it is more likely than not that plaintiff's claims meet the federal amount in controversy requirement. See *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993). The ability to make such proof is determined by whether the defendant could have ascertained from "a fair reading of the complaint or other papers filed" that the minimum jurisdictional amount existed. *McCraw v. Lyons*, 863 F.Supp. 434, 432 (W.D.Ky.1994).

*M.D. v. Advanced Medical Optics, Inc.* 2009 WL 1314754, at *1 (N.D. Ohio 2009); *see also* 28 U.S.C. §1446(c)(2)(B). "Normally, 'the sum claimed by the plaintiff[s] controls,' but where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993).

### A. Value of Injunctive Relief from Plaintiff's Perspective

Defendant argues that it satisfies its burden of proof by evaluating the amount in controversy requirement from both the Plaintiff's and Defendant's perspective. From Plaintiff's

perspective, Defendant argues that, because the Plaintiff is a "skilled nursing facility," any alleged "stigmatic and reputational harm" and "loss of business" would naturally exceed $75,000. Doc. 7 at 5. Specifically, Defendant points to published data from the U.S. Department of Health and Human Services concerning the annual cost of nursing home care to a single patient in the Canton-Massillon, Ohio and Akron, Ohio. Because these annual costs range from $69,000 to over $90,000, Defendant argues that the loss of just one patient would more likely than not result in damages in excess of the jurisdictional limit.

However, as noted by the Plaintiff, this argument is highly speculative. First, the cost presented is not specific for this Plaintiff's facility. Furthermore, the numbers reflect costs to the patient – not the amount of profits lost by the Plaintiff. Finally, Plaintiff does not allege any particular patients were lost due to the Defendant's advertisement. Rather, Plaintiff seeks injunctive relief to prevent continued harm to its reputation and good will in the community.

Given all of this, Defendant's argument for damages in excess of $75,000 is speculative at best and certainly does not meet Defendant's burden of proof.

### B. Value of Injunctive Relief from Defendant's Perspective

Defendant next argues that the amount in controversy requirement is satisfied from its perspective, namely, that Defendant will lose more than $75,000 in future legal fees if it is enjoined from publishing the advertisement at issue. To support its argument, Defendant includes two online articles about jury verdicts against nursing homes in Stark County, which exceeded $370,000. Doc. 7 at 6, 7.

However, Plaintiff is not seeking an injunction against all future advertising in Ohio by this Defendant. Plaintiff is only requesting relief with respect to a single advertisement with specific, disputed language. Defendant has presented no explanation or evidence as why it

3

cannot attract the same potential clients by publishing advertisements with different language than the one at issue. It is also speculative as whether Defendant would develop any clients, let alone successful clients at trial, from the disputed advertisement. As such, considering the amount in controversy from the Defendant's perspective still does not satisfy its burden of establishing the amount in controversy by a preponderance of the evidence.

      C.      **Attorney's Fees**

Defendant argues that Plaintiff's claim for attorney fees exceeds $75,000. Defendant points to a few awards of attorney fees from around the state of Ohio. However, under the Ohio Deceptive Trade Practices Act, attorney fees are merely permitted – not required. O.R.C. 4165(B) ("The court may award in accordance with this division reasonable attorney's fees to the prevailing party in [a] civil action authorized by …this section…."). As such, it is mere speculation that Plaintiff will prevail, that it will be awarded attorney fees, and that the amount of these fees will exceed $75,000. Again, Defendant fails to establish the amount in controversy exceeds the threshold amount by a preponderance of the evidence.

### III. CONCLUSION

The Court finds that Defendant Nick H. Johnson, P.C., has not met its burden of proof to establish all requirements securing federal jurisdiction under 28 U.S.C. §1332. The Court hereby GRANTS Plaintiff Manor Care-Belden Village of Canton OH, LLC's motion to remand the case to state court.

    IT IS SO ORDERED.

March 10, 2015                                  */s/ John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT